IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD LOGAN )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS CENTRAL RAILROAD )<br>COMPANY and M&C TRANSPORTATION, )<br>INC., )<br>)<br>  Defendants. ) | Case No. 3:05-cv-902-DRH |

**ORDER**

This matter is before the Court on a discovery dispute that was the subject of a telephonic conference on May 25, 2006 at 9:30 a.m. The plaintiffs, Todd Logan and Shannon M. Bell (in the consolidated case, 3:05-cv-904) were represented by John P. Kujawski, the defendant Illinois Central Railroad Company, Inc., was represented by Kurt E. Reitz, and the defendant, M & C Transportation, Inc., was represented by Priscilla F. Gunn.

The plaintiffs raised disputes regarding the M & C Transportation's responses to a request for production of documents and interrogatories served on February 22, 2006. The plaintiffs indicated that this defendant had not responded to the requests. The defendant stated that it was going to review documents tomorrow, May 26, 2006, and provide them to the plaintiffs. In light of this representation, the defendant is **ORDERED** to produce the documents responsive to the request for production by **May 31, 2006.**

With respect to the interrogatories, the plaintiffs sought to compel responses to interrogatories 22, 23, 24, 26, 27, 28, 30, 32, and 35. The defendant stated that the answers to 22, 23, and 24 are currently "no" (and shall provide this answer is writing to the plaintiffs). That is, there are no films or photographs of the plaintiffs and the defendant has not hired persons to

investigate the claims. The defendant, however, seeks to preserve the privilege objections when and if it is required to supplement its responses. As the Court indicated, the issue of whether any future evidence is governed by privilege will not be ruled on prospectively. However, in the event that these interrogatories require supplementation, the defendant shall, at the very least, provide the plaintiff with a privilege log (or similar document) indicating a change in the responses.

The defendant is further ordered to respond to interrogatory 26 and 27, which is limited to bodily injury/personal injury claims against the company for the last five years. The defendant also shall respond to interrogatory 28 which is re-written as follows:

> Please state the names, address, and occupation of each and every person, on behalf of the company, or lay persons, but not including consulting experts, who inspected the scene of the accident or the equipment involved in this occurrence at the time of this occurrence and subsequent to this occurrence and describe the results of said inspections.

The defendant indicated that it will answer interrogatory 30. Interrogatory 32 is moot as the answer would duplicate the answers to 26 and 27. Finally, the defendant SHALL answer interrogatory 35. The identity of any investigator retained by the defendant is not work product. The defendant SHALL provide the foregoing answers to interrogatories by **June 2, 2006.**

**DATED: May 26, 2006**

s/ Donald G. Wilkerson  
**DONALD G. WILKERSON**  
**United States Magistrate Judge**