IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TODD LOGAN,**

**Plaintiff,**

v.

**ILLINOIS CENTRAL RAILROAD**
**COMPANY, INC, d/b/a CN/IC, and**
**M&C TRANSPORTATION, INC.,**
**A CORPORATION,**

**Defendants.**                                              No. 05-CV-0902-DRH

<u>**ORDER**</u>

**HERNDON, District Judge:**

Pending before the Court is Defendant Illinois Central Railroad Company's renewed motion to consolidate for trial (Doc. 149). In opposition to the motion, Logan filed a motion to strike Illinois Central Railroad Company's renewed motion to consolidate (Doc. 161).

It appears that Plaintiff filed a motion to strike rather than a response to the Defendant's motion. While not inappropriate, it is a risky tactic. One must imagine each motion as an individual paper trail to be tracked according to the document number assigned to that number. If the Court were to first rule on the motion to strike finding it the easier issue to dispose, and deny it for purpose of this illustration, the paper trail for the motion to consolidate is left without a response. By the same token, if the Defendant chooses not to respond to the motion to strike, viewing it as a response to the motion to consolidate, such tack is risky. Both strategies leave a blank where a response belongs and the local rule allows the court discretion to insert a concession of the merits in that blank. Clearly, an argument on review may be successfully made that the alternative

motion belies that concession, but suffice it to say, the better practice is to simply respond to a motion rather than to try the more complex tactic of eliminating pleadings.

Defendant, stating it needed a clear record for purpose of the appellate record, can't seem to take no for answer. This Court made the mistake once of trying a case with similar liability issues, but different medical issues before the same jury. The confusion and difficulties in that case were the very reason the Court was very specific about cutting off the consolidation in this case upon the close of discovery.

Along with the reasons stated in the Court's November 16, 2006 Order severing the cases (Doc. 139), the Court finds that consolidation of the cases for trial is not appropriate due to the medical issues present in these cases. The injuries sustained by Mr. Logan and Ms. Bell are different and should be treated separately. Common questions of fact are not present in these cases in that Logan and Bell sustained distinct, differing, and competitive injuries, sequella of injuries and different and competing economic and non-economic damages. Separate trials of these claimants will not cause inconvenience or prejudice and are consistent with the ends of justice. Accordingly, the Court **DENIES** the renewed motion to consolidate for trial (Doc. 149) and **DENIES as moot** Logan's motion to strike (Doc. 161).

**IT IS SO ORDERED.**

Signed this 6th day of December, 2006.

/s/      David   RHerndon
**United States District Judge**