IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TODD LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-902-DRH |
| | ) | |
| ILLINOIS CENTRAL RAILROAD | ) | |
| COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court following the Court's November 22, 2006, Order to Show Cause (Doc. 144) directed to Defendants M & C Transportation (hereinafter "M & C Transport") and Illinois Central Railroad Company (hereinafter "Illinois Central"), for their failure to comply with this Court's standing orders regarding "necessary parties" required to attend a settlement conference that was to take place on November 20, 2006.  For the reasons set forth below, the Court finds that (1) Defendant Illinois Central has shown good cause for its failure to have a representative with full settlement authority present at the November 22, 2006 settlement conference, (2) Defendant M & C Transport has shown good cause for its failure to have a representative with full settlement authority from Lexington Insurance Company present at the November 22, 2006 settlement conference, and (3) Defendant M & C Transport has not shown good cause for its failure to have a representative with full settlement authority from Stratford Insurance Company present at the November 22, 2006 settlement conference.

**DISCUSSION**

**Background**

   The complaint in this case was brought under the Federal Employees Liability Act ("FELA").  The plaintiff complains that his employer, Illinois Central, and its agent, M & C Transport, negligently provided him with transportation at the conclusion of his shift.  This negligence resulted in an automobile accident and plaintiff has subsequently had back surgery and has never returned to work.  This is not a complicated FELA case as there are not a lot of nuances of law to be developed in this case.  There was a car accident involving railroad engineers at the end of their shift, and no one is contesting the fact that the accident happened while the plaintiff was in the scope of his employment.  There is an allegation of a multimillion dollar wage loss, an there has been at least one back surgery by Dr. Shettinger, who has been operating on railroad workers' backs for more than thirty years.

   The matter presently before the Court is whether Defendants Illinois Central and M & C Transport should be sanctioned for their  failure to have an insurance representative present at the November 20[1] Settlement Conference.  Discovery in this case has been a long and tortured process.  On March 15, 2006, this Court initially set a settlement conference for August 16, 2006 (Doc. 21).  On July 26, 2006, defendant M & C Transport filed a motion to continue and reschedule the settlement conference (Doc. 31).  Plaintiff and Defendant Illinois Central both filed responses in opposition to M & C Transport's motion to continue (Doc. 36, 37).  On August 10, 2006, this Court denied Defendant M & C Transport's  motion to continue the settlement conference (Doc. 38).

---

   [1] In the case of Illinois Central, which is self-insured, a representative with authority.

2

On August 15, 2006, the parties appeared for this first settlement conference.  John P. Kujawski for Plaintiff, Kurt E. Reitz for Illinois Central, Priscilla F. Gunn for M & C Transport, and Ronald Roth as individual and corporate counsel of M & C Transport were all present for the settlement conference.  That settlement conference was not successful.  Ms. Gunn represented to the Court that she had not had the opportunity to fully evaluate the case.  The Court offered to conduct additional settlement negotiations and the parties accepted that offer.  Subsequently, in the Court's Order and Notice of Settlement Conference, dated September 14, 2006 (Doc. 74), the parties were notified that a settlement conference would be held on October 23, 2006.  On October 5, 2006, the Court granted M & C Transport's motion to continue the settlement conference, and on October 10, 2006, the Court rescheduled it for November 20, 2006 (Doc. 97).

On November 3, 2006, M & C Transport filed a motion to continue the settlement conference scheduled for November 20th (Doc. 117).  Subsequently, Plaintiff filed a Motion to Compel M &C Transport to produce Insurance Representatives with Requisite Authority (Doc. 124).  Illinois Central and Plaintiff both filed responses in opposition to M &C Transport's motion to continue the settlement conference (Doc. 129, 130).[2]  On November 15, 2006, this Court held a hearing on the motion to continue the settlement conference.  Mr. Kujowski, Mr. Reitz, Mr. Roth, and Ms. Gunn were all present.  After hearing from all parties

---

[2]  It should be noted that the Court believes the parties allowed discovery to get out of control.  On this issue alone, the motion to continue the settlement conference there were at least 9 motions or responses filed with the Court (Doc. #'s 117,124,125,129,130,132,133,134,135 and 136).

3

the Court denied the motion to continue the settlement conference and also denied Plaintiff's

motion to produce insurance representatives as moot (Doc. 142).

On November 20, 2006, at 9:00 a.m., the settlement conference commenced.  Present

were Plaintiff's attorney John Kujawksi, his client Todd Logan; Priscilla Gunn, for Defendant

M & C Transport; Ronald Roth, for M & C Transport; Kurt Reitz, for Defendant Illinois

Central; and Kevin Krueger, an attorney representing Lexington Insurance Company.

Conspicuously absent from the settlement conference was a representative of Stratford

Insurance Company with full settlement authority, a representative from Lexington Insurance

Company with full settlement authority, and a representative from Illinois Central with full

settlement authority. The Court then convened in session, issued an order to show cause (Doc.

144) and ordered Plaintiff to submit a bill of costs.[3]  The Court set the show cause hearing for

December 1, 2006.[4]

On December 6, 2006, the Court held a hearing on the Order to Show Cause.  Present

were Attorney John Kujawski for Plaintiffs; Attorney Priscilla Gunn and Attorney Ronald

Roth for Defendant M & C Transportation; Attorney Kurt E. Reitz and Brenda L. Britton

as representatives for Illinois Central Railroad Company; Attorney John S. McCollough  and

Joseph Clemente as representatives for Stratford Insurance Company; and Attorney Keith

---

[3]  The Court also ordered Mr. Roth to submit a bill of costs, however, it will not consider
Mr. Roth's bill as he appeared as personal counsel for the party that is the subject of the order to
show cause.

[4]  An ice storm hit the St. Louis Metropolitan area on November 30th and December 1st.
The show cause hearing was reset for 1:00 p.m on December 6, 2006.

Phoenix and Jeffrey Whitt as representatives for Lexington Insurance Company.  Based upon the above facts, the Court now issues its decision with respect to the Order to Show Cause.

**Sanctions**

This Court has the authority to require the presence of parties at a settlement conference with full authority.  See United States v. G. Heileman Brewing Company, Inc., 107 F.R.D. 275 (W.D. Wis. 1985). Before the Court is the question of whether to impose monetary sanctions pursuant to Federal Rule of Civil Procedure 16(f) against defendants Illinois Central Railroad and  M &C Transport and for its failure to have a representative present with full settlement authority at the settlement conference.  The text of Rule 16(f) reads as follows:

> **Rule 16. Pretrial Conferences; Scheduling; Management**
>
> (f) Sanctions. If a party or a party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or a party's attorney is substantially unprepared to participate in the conference, or if a party or a party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 16(f) of the Federal Rules of Civil Procedure provides, therefore, that when a party or party's attorney fails to obey a scheduling or pretrial order, fails to make an appearance at a pretrial settlement conference, is substantially unprepared to participate in a pretrial settlement conference, or fails to participate in good faith, the judge may make such

orders with regard thereto as are just and, among others, any of the orders provided for failure to make or co-operate in discovery.

In addition to any other sanction, Rule 16(f) mandates that the judge must require either the party or attorney representing him, or both, to pay the reasonable expenses incurred because of any noncompliance, including attorneys' fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.  Monetary sanctions may include not only fines for the opposing party's costs, but other expenses, such as costs incurred by the Court.

**The November 20ᵗʰ Settlement Conference**

In the Court's September 14, 2006, Order and Notice of Settlement Conference, the Court ordered all necessary parties with full settlement authority to appear (Doc. 74). Specifically, the Court indicated that: "**For these purposes it is essential that all <u>necessary parties</u> be present in person.  This includes, but is not limited to, trial counsel and the individual parties.  In the case of corporate parties and insurance carriers, a representative executive be present who has unrestricted authority to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer**" (Doc. 74) (emphasis in original).  The Order also stated, "The parties are directed to this Court's webpage, <u>http://www.ilsd.uscourts.gov/Judges/wilkersonpretrial.html</u>, for additional information and requirements." (Doc. 74).  The website reiterates the importance of having the proper parties present by stating:

> The parties must attend. A named individual defendant need not attend if covered by liability insurance. In that case, an insurance representative with full authority to negotiate and settle the case must be here. This is an area which causes trouble. Frequently, an insurance representative appears with

6

authority to a certain dollar limit. Most of the time, that authority is insufficient to do the job. It then becomes necessary to track down by telephone the person who really has the authority so that negotiations can be completed. This is disruptive and inefficient. **A good rule of thumb for defendants trying to select a proper representative is to bring a person who can agree to any sum demanded by plaintiff without resort to the telephone.**

(emphasis in original).

The Court's September 14, 2006, Order and Notice of Settlement Conference gave fair

warning about the consequences of failing to bring the necessary parties when it stated,

"**THE PARTIES ARE CAUTIONED THAT FAILURE TO BRING ALL NECESSARY**

**PARTIES TO THE SETTLEMENT CONFERENCE COULD RESULT IN THE**

**CONFERENCE BEING RESCHEDULED WITH SANCTIONS IMPOSED UPON**

**THE OFFENDING PARTY.**" (emphasis in original) (Doc. 74).

**Illinois Central Railroad**

At the December 6, 2006, show cause hearing, Kurt Reitz called Brenda Britton to

testify.  Ms. Britton testified that she is employed by Illinois Central as a risk mitigation

officer.  Her  duties include  attending settlement conferences in the southern half of Illinois

and  gathering evidence at the scenes of accidents.  Ms. Britton testified that shortly after 8:00

a.m. on November 20, 2006, she was en route from Villa Ridge, Illinois, to the Courthouse in

East St. Louis for the settlement conference  when she received a telephone call informing her

of a serious railroad accident with multiple fatalities.  At the time, she was thirty-five to forty

minutes away from the scene of the accident, which was in Marisa, Illinois.  Ms. Britton was

the closest risk mitigation officer to the accident, while the next closest risk mitigation officer

was in Decatur, Illinois, approximately three hours from the scene and two hours from Court.

Ms. Britton was ordered to go to the scene of the accident, and the officer in Decatur was

ordered to proceed to the courthouse to attend the settlement conference.  In addition, Mr. Reitz informed the Court on November 20, 2006, the day of the settlement conference, that he could have Ms. Britton at the courthouse within thirty minutes should the Court demand it.

Additionally, it is important to note that the Court declined to have a representative from Illinois Central come to the courthouse after it determined that M &C did not have an insurance representative with the requisite authority present at the conference.

The Court hereby **FINDS** that Defendant Illinois Central Railroad has demonstrated **GOOD CAUSE** as to why it failed to have a representative with the requisite settlement authority present at the commencement of the November 20, 2006, settlement conference. The Court recognizes the seriousness of the train accident that occurred that morning involving four fatalities.  Persuasive to Court's decision to find good cause was the fact that this incident could not have been foreseen, but more significantly, that additional measures were taken to ensure that an agent with full settlement authority would be present, albeit late, at the conference that morning.

**M & C Transportation**

The issue before the Court is whether M & C Transport should be sanctioned to pay costs to the Plaintiff for its failure to have a representative from Stratford and Lexington Insurance Companies present at the settlement conference.  It should be noted that M & C Transport had insurance policies with Stratford and Lexington that are at issue in the instant case.[5]  By way of background on November 20th, at the beginning of the settlement

---

[5] M&C Transport has one million dollars in coverage with Stratford and another one million dollars in excess coverage with Lexington.

conference, Ms. Gunn informed the Court that Stratford had tendered its policy limits the week prior to the conference.[6]  Ms. Gunn further informed the Court that she told the Stratford representative they did not have to appear because they had tendered their policy limits.  Further, although Lexington did have a representative present, Mr. Krueger, Mr. Krueger admitted to the Court that he did not possess settlement authority up to the policy limits.  Ms. Gunn informed the Court that in her last conversations with Stratford she had believed that the settlement conference was going to be continued and, therefore, they need not attend.  She further informed the Court that Lexington was just recently informed of Stratford's decision to tender its policy limits, therefore implicating Lexington's policy.

At the December 6, 2006, show cause hearing  Mr. Keith Phoenix appeared as counsel for Lexington Insurance Company.  Mr. Phoenix argued to the Court that M &C Transport should not be sanctioned for Lexington's failure to have a representative present at the November 20th conference because Lexington had no duty to be present unless and until Stratford Insurance tendered its policy limits. Mr. Phoenix represented to the Court that Lexington had relied on Ms. Gunn's representations that the Court was likely to grant a continuance and their policy was not impacted because this was not a multimillion dollar case.

Without taking a position on the value of this case, it is important to note that the plaintiff alleges a wage loss of more than $6,000,000.00.  The Court believes that Ms. Gunn's performance in keeping the parties informed about the status of the case and their obligations

_____

[6] There was some confusion as to whether those limits were tendered on Wednesday or Thursday of the previous week.

9

under this Court's standing orders is deficient. The Court is incredulous that it even has to mention that the Court expected the insurance representatives present on November 20th. As stated earlier, Plaintiff filed a motion with the Court asking the Court to order the insurance representatives to be present (Doc. 124). This Court, expecting all members of the Court to follow its standing orders, did not even entertain that motion, finding it moot and pointing out to Plaintiff that it was not necessary to file such a motion, as the Court's standing orders were clear (Doc. 142). With that background, on the morning of November 20th there were no insurance representatives present at the settlement conference. The Court was astonished that morning, and remains confounded, that an attorney of this Court would knowingly countermand its orders.

The Court recognizes that it can sanction M & C Transport for what is clearly a deficient performance by its attorney. Moreover, after cool reflection the Court believes it is fair and proper to do so. Therefore, the Court hereby **FINDS** (1) Defendant M & C Transport **HAS SHOWN GOOD CAUSE** for its failure to have a representative with full settlement authority from Lexington Insurance Company present at the November 22, 2006 settlement conference, and (2) Defendant M & C Transport **HAS NOT SHOWN GOOD CAUSE** for its failure to have a representative with full settlement authority from Stratford Insurance Company present at the November 22, 2006 settlement conference and **HEREBY** assesses the following costs against M &C Transport: costs of **$1915.80** to be paid to Plaintiff's counsel John Kujawski within thirty (30) days of the date of this Order said cost being allocated as follows: (1) $875.00 - Mr. Kujawski: November 20th cancelled settlement conference 3.5 hours @ $250.00; (2) $1,000.00 - Mr. Kujawski: December 6th show cause

hearing 4  hours @ $250.00; and $40.80 -  Defendant Todd Logan: Mileage between Mt.

Vernon, Illinois and East St. Louis, Illinois (68 miles @ $.60 per mile).[7]

Further, the Court recognizes that the insurance companies in this case operated on

misinformation.  In this respect, Attorney Priscilla Gunn is **ADMONISHED** that failure to

follow the orders of this Court in the future **MAY AND SHALL RESULT IN**

**SANCTIONS**.  Further, it is **ORDERED** that Attorney  Priscilla Gunn **SHALL** send a copy

of this Order to General Counsels of  Lexington Insurance Company and Stratford Insurance

Company within fourteen (14) days of the date of this Order.  Moreover, Attorney Priscilla

Gunn is **ORDERED** to furnish the names and addresses of the General Counsels of

Lexington Insurance Company and Stratford Insurance Company within fourteen (14) days of

the date of this Order to the Clerk of the Court.

### CONCLUSION

For the reasons set forth above, this Court **FINDS** that Defendant Illinois Central

Railroad  has demonstrated **GOOD CAUSE** why is failed to have a representative with the

requisite settlement authority present at the November 20, 2006, settlement conference and

Defendant M & C Transport has demonstrated **GOOD CAUSE** for its failure to have a

representative with full settlement authority from Lexington Insurance Company present at

the November 22, 2006 settlement conference, and Defendant M & C Transport **HAS NOT**

**SHOWN GOOD CAUSE** for its failure to have a representative with full settlement

---

[7] It is noted that the Court reduced Mr. Kujawski's requested hourly rate from $350.00 per hour to $250.00 per hour.  Additionally, the Court did not sanction for Mr. Kujawski's preparation time for the missed settlement conference because he would have had to prepare whenever the conference was held.

authority from Stratford Insurance Company present at the November 22, 2006 settlement

conference.

**DATED: January 18, 2007**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

12